## NELSON H. HUSTUS' CASE.

### Kennebec.    Opinion February 12, 1924.

*The word injury as employed in Section 17 of the Workmen's Compensation Act,*
*includes not all impairment or derangement of body or mind, but only injuries*
*which have actually or presumptively resulted in incapacity to earn.*

A workman is incapacitated within the meaning of the Act when he has lost his
earning power in whole or in part. This is the only test. The law provides no
compensation for pain and none for physical impairment, except when it is of
such character as to raise a presumption of incapacity to earn. The workman
is entitled to make claim for compensation not for mere accidental injury, but
for accidental injury resulting in loss of earning power.

The date that incapacity begins is the date upon which the workman becomes
entitled to compensation. Until that time he has suffered no injury within
the purview of Section 17, i. e., no compensable injury. From that time the
law gives him a year to make his claim.

On appeal. Claimant while an employee of Edson Locke at
Augusta, met with an accident by slipping and falling while carrying

a box of bread, being engaged in his regular duties, striking his right breast across the corner of the box.    Compensation was awarded and an appeal taken from the decree.    Appeal dismissed.    Decree affirmed.

The case is fully stated in the opinion.

*Burleigh & Williamson*, for claimant.

*Andrews, Nelson & Gardiner*, for respondents.

SITTING: HANSON, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J.    This case involves the construction of a part of Section 17 of the Workmen's Compensation Act, to wit: "No proceedings for compensation for an injury under this act shall be maintained unless the claim for compensation with respect to such injury shall have been made within one year after the occurrence of the same."

The defendants contend that the injury occurs at the time of the accident even though no incapacity results until some later time. On the other hand the plaintiff maintains that the injury occurs when and not until it results in incapacity and thus becomes compensable. The decree below in favor of the petitioner is attacked on no other ground.    If the petitioner's theory of interpretation is correct he is entitled to compensation.    Otherwise his claim is barred because while made within a year from the time of actual disability, and hence within a year after he became entitled to compensation, it was not made within a year after the happening of the accident.

In the last analysis the case depends upon the interpretation of the word "injury" as used in Section 17.    If it is to be construed literally as meaning any impairment or derangement of the body or mind, though not incapacitating and not compensable, the defendants are right.    But if the word injury as used in this section means accidental injury which has resulted in loss of earnings, then the petitioner's contentions must be sustained.

The petitioner is entitled to prevail for,

1.    Under Section 17 *notice* must be given within thirty days after happening of *accident* and *claim* made within one year after occurrence of *injury*.    The reasonable inference is that these contrasted phrases were used intentionally and for the purpose of indicating that the two limitations do not necessarily begin to run at the same time.

2. The injured workman has a year to make "claim for compensation with respect to such injury." This means an incapacitating injury, for such injuries only are compensable.

Construing a similar statute the Supreme Court of Errors of Connecticut says, "Therefore when Section 5360 provides that a written notice of a claim for compensation must be made within one year from the date of the injury, the claim spoken of must be a compensable claim under Sec. 5348 as there is no other kind of a claim for compensation referred to in the Compensation Act." *Esposito* v. *Marlin-Rockwell Corp.*, 96 Conn., 414, 114 Atl., 92.

3. A workman is incapacitated within the act when he has lost his earning power in whole or in part. This is the only test. The law provides no compensation for pain and none for physical impairment, except when it is of such character as to raise a presumption of incapacity to earn. "The object of this legislation broadly stated is to compensate for loss of capacity to earn." Honnold, Section 148.

The workman is entitled to make a claim for compensation not for mere injury, but for accidental injury resulting in loss of earning power.

4. When incapacity is to be proved it depends on "wages, earnings or salary," Section 15. Whether a workman's incapacity has increased or diminished depends not upon his physical condition, but upon his earning power. *Ray's Case*, 122 Maine, 108. When the workman's wages, earnings or salary are lost or reduced by reason of an industrial accident, he becomes in theory of law incapacitated. Then he is entitled to claim compensation. Then the year given for making claim begins to run.

5. "If incapacity arises after seven days (waiting period) compensation shall begin on the date such incapacity begins." Section 9.

"The date that such incapacity begins" is the date upon which the workman becomes entitled to claim compensation. Until that time he has suffered no injury within the purview of Section 17, i. e., no compensable injury. From that time the law gives him a year to make his claim.

In seeking for precedents in other jurisdictions we find that in some the statutes differ so radically from ours that from interpreting decisions no help can be obtained. This is true of several states whose statutes require a claim to be made or petition filed within a specified time "after the accident" or "after the date of the accident."

Equally inapplicable are decisions in jurisdictions wherein by express enactment the limitation begins at the time of actual incapacity. This appears to be true of Maryland, Washington and of Michigan since 1919.

Turning now to jurisdictions wherein the statutes so nearly resemble ours as to make interpreting decisions applicable we find three which support the defendant's contention. *Lough* v. *Acc. Comm.*, 104 Or., 313, 207 Pac., 354; *O'Esau* v. *Bliss Co.*, (N. Y.), 177 N. Y. S., 203; *Cooke* v. *Holland Furnace Co.*, 200 Mich., 192, 166 N. W., 1013. After the announcement of the opinion in this case the statute of Michigan was radically changed.

But the following authorities support the petitioners' contention: The Louisiana law bars claims "unless within one year after the injury proceedings have been begun." Claim was held not barred in one year after accident, the disability having developed later. *Guderian* v. *Sterling Co.*, 151 La., 59, 91 So., 546.

Under the Nebraska law a claim for compensation with respect to an accidental injury must be made "within six months after the occurrence of the same." Held claim not necessarily barred in six months after the accident. *Johansen* v. *Stockyards Co.*, 99 Neb., 328, 156 N. W., 511.

In Indiana written notice is required "within thirty days after the occurrence of the injury." Such notice given within thirty days after disablement was held sufficient. *Hornbrook-Price Co.* v. *Stewart*, (Ind.), 118 N. E., 315.

"The injury took place—when the rupture manifested itself and not—when he strained himself." *Brown's Case*, 228 Mass., 38.

True the Massachusetts statute provides compensation for industrial injuries whether accidental or not. But where as in *Brown's Case* the injury is accidental, the question as to when the injury occurred is the same question that we have to answer in the pending case.

Under the Connecticut law which is in essentials like that of Maine it was held that "claim for compensation" means compensable claim since no other kind of a claim for compensation is referred to in the Act.

"A compensable injury is an injury for which compensation is payable, and the date of such an injury is not the time of the accident

or occurrence causing injury, but the time under Section 5348 when the right to compensation accrues." *Esposito* v. *Marlin-Rockwell Corp.*, supra.

The word "injury" is doubtless employed in some sections of the act as meaning mere physical impairment. So properly held in *McKenna's Case*, 117 Maine, 179, construing Section 9 in its original form. But the context plainly shows that as used in Section 17 the word means accidental injury which has actually or presumptively resulted in loss of earning power.

Our problem is to determine and give effect to the intent of the Legislature. The conflict among courts which have been called upon to interpret similar statutes shows that the question is not free from difficulties. We are admonished to construe the act liberally, Section 37. The construction contended for by the defendants while not illogical is rather strict than liberal. When incapacity does not at once occur "compensation shall begin on the date such incapacity begins." Section 9.

The year provided for claiming compensation must be held to begin at the same time.

*Appeal dismissed.*
*Decree affirmed.*