## KATSANOS v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4594. Decided May 10, 1928. (267 P. 781.)

*D. B. Hempstead,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff, Atty. Gen.,* and *J. Robert Robinson, Asst. Atty. Gen.,* for Commission.

*R. B. Porter,* of Salt Lake City, for insurance carrier.

GIDEON, J.

This is a proceeding to review an order of the Industrial Commission refusing to entertain jurisdiction of the application of Nick Katsanos, the petitioner here, for an adjustment of compensation. The commission's ruling was to the effect that the application for compensation was not made within one year after the date of the accidental injury as stated in the application, and hence the defense of limitation was conclusive upon the commission and against the right of the petitioner. A hearing was had before one of the commissioners at the state capitol on March 8, 1927. The testimony of the applicant and of the physician who amputated the arm was taken at that time. The case was continued, and the taking of further testimony was contingent upon the ruling of the commission upon the objection of the employer and insurance carrier that the commission was without jurisdiction to grant any relief by reason of the failure of the petitioner to file his application with the commission within one year after the date of the claimed accident. It appears the commission was of the opinion that it had no jurisdiction to entertain the application in the face of a plea of the statute and that its duty in the premises required that it sustain the objection. As stated in the conclusion of the commission:

"The commission therefore concludes that it is without jurisdiction to hear and determine this case upon the merits, and therefore the case should be dismissed."

This conclusion was followed by an order dismissing the application. Petition for rehearing was filed and denied, and thereafter, within the time prescribed, application was made to this court for a writ of review.

The commission made no findings upon the merits. Its rulings were controlled by the view that it had no jurisdiction to hear and determine the application upon the merits. For that reason the testimony taken has not been certified to this court.

The petitioner here has incorporated in his brief a statement of facts, which, it is stated in the brief, must be considered as true for the reason that such facts are undisputed. There are certain facts mentioned in the statement that do not appear in the application for compensation nor in the commission's decision, but as the testimony heard by the commission is not in the record, and in view that the facts recited in the statement are in no way disputed by defendants' counsel, we shall treat the statement as in every respect correct. It will probably enable the reader to get a better understanding of the issues between the parties to here insert the statement of facts referred to. It is:

"Nick Katsanos, the plaintiff and applicant, on the 3d day of February, 1927, filed with the Industrial Commission of Utah his application in the regular form for an adjustment of his claim for compensation against his employer, Kinney Coal Company, for which the Continental Casualty Company is the insurance carrier. It is set forth in the application that the plaintiff was a coal miner working in the mine at Scofield, Carbon county, Utah, for his employer on the 14th day of February, 1924, when a coal car loaded with coal, which had been mined by the plaintiff, went off the track, and that while he was working a jack to put the car on the track a large lump of coal fell from the top of the car and hit him on the back of his right hand and badly bruised it. He quit work immediately and went to the office and turned in his numbered brass check and was sent to the company's resident physician, Dr. William H. Bash, who treated him for the injury for a period of ten days. In the following month of March, 1924, the plaintiff left Scofield and was treated further by Dr. McDermid of Castle Gate, Dr. Juddy of Price, and Dr. G. A. Light and Dr. F. E. Straup of Salt Lake City. On February 8, 1926, Dr. F. E. Straup amputated his right arm just below the elbow in order to save his life. At the time of the amputation the plaintiff was suffering from osteomyelitis, a bone infection, which was spreading up his right arm and would have caused his death in a short time unless checked by amputation. It is further set forth in his application that,

while his right hand was badly bruised by the lump of coal falling down on it, neither the applicant nor any of the several doctors who first treated the injury at any time contemplated that ultimate amputation of the arm would prove necessary to save applicant's life. It was not until after applicant came up to Salt Lake City from Carbon county and was being treated by Dr. F. E. Straup from November 13, 1925, to February 8, 1926, that amputation was first suggested and finally determined upon in order to save the life of applicant. The plaintiff has been unable to work at his usual employment as a coal miner since February 14, 1924."

In addition to the foregoing it conclusively appears that the applicant, Nick Katsanos, on August 11, 1925, filed an application before the Industrial Commission for compensation for the injury claimed to have been sustained by him on the 14th day of February, 1924, while employed by the defendant Kinney Coal Company. The record of this proceeding is inserted as part of the record of this one. In that proceeding the commission denied compensation for the reason that applicant had not filed his petition for adjustment of compensation within one year after the date of the claimed accident. No application for a rehearing of the commission's ruling was made in that proceeding, nor was any effort made to have the same reviewed by this court. It is petitioner's contention that the filing of that application and the denial of compensation thereunder is wholly immaterial in the present proceeding. With that contention we are inclined to agree. We have referred to the matter simply because the commission seems to attach some importance to the failure of petitioner to ask for a rehearing and also to his failure to apply to this court for a review.

The Workmen's Compensation or Industrial Act provides for a definite, specific amount to be paid for the loss of an arm resulting from an industrial injury. Other or additional compensation for a temporary disability to which an applicant may be entitled by reason of an industrial accident is not to be considered in reduction of the definite amount

provided for the loss of an arm. Section 3138 of the Industrial Act.

It appears in the application in this proceeding and in the above-quoted statement that compensation is now sought only for the loss of an arm and for no other or different injury sustained by petitioner. It is conceded that petitioner's arm was amputated on February 8, 1926, and that his application for adjustment of compensation for the loss of such arm was filed with the commission on February 3, 1927. It is contended by the petitioner that his application was filed within one year from the date of the *loss of his arm,* and that his claim was not barred by failure to file his application before that date. He contends that he had no claim for the amount payable for the loss of an arm until the arm was actually lost by amputation, and that, therefore, he could not, prior to that time, claim compensation for the loss of the arm, and hence such right for compensation did not accrue or come into existence until the date of the amputation, and for such reason he is entitled to a hearing upon his application for compensation for the loss of such arm.

The contention of defendants is that whatever injury the petitioner has sustained grew out of the accident claimed to have occurred on February 14, 1924, and hence that his cause of action accrued on that date; that failure to file an application for compensation within one year thereafter worked a denial to him of any right to compensation, notwithstanding the additional conceded facts; namely, that the arm was not amputated within a year from the date of the accident, and that the petitioner was not advised and did not know that amputation would be necessary until after the expiration of such period.

The concrete controversy between the parties is whether or not the word "injury," as used in our Workmen's Compensation Law, is synonymous with the word "accident," as it is there used. It is the argument of petitioner that the

injury for which compensation is sought, namely, the loss of an arm, did not occur until the arm was amputated, and that the date of the loss of the arm was the date of the injury and should control petitioner's right for compensation rather than the date of the accident. The defendants' contention, on the contrary, is as above stated.

The question thus presented is not altogether free from doubt. There is some uncertainty by reason of the wording of our Industrial Act. The word "injury," when used in the statute, in some places would seem to imply the meaning that such injury received by the employee, in order to be compensable, must have been received at the date of the accident; at other times from a consideration of the context it would appear to be not illogical or unreasonable to hold that the framers of the law, by the use of the word, implied that such injury might be received by the employee at a later date and still be compensable. We are referred to authorities from other jurisdictions construing industrial acts of such jurisdictions. The language in the various acts of the different states is so materially different from the language used in our act that the opinions of the courts in those jurisdictions are not of much assistance to us in attempting to determine the intent as the same is expressed in our enactment. We are, however, of the opinion that is not necessary in this case to determine the particular question to which the principal arguments of counsel in their briefs are directed. From the facts stated in petitioner's application for compensation, and as the facts are recited in the above statement of facts, it is our view that applicant's right to recover must be held to be barred for other reasons.

It is recited in the application that petitioner has not been able "to work at his usual employment as a coal miner since February 14, 1924." This is repeated in the statement of facts set out in petitioner's brief. By reason of such conceded fact there was a compensable injury from and after the date of the accident. By the words

"compensable injury," as used here, is meant an industrial accident and the resulting injury that entitled the injured employee to compensation. If the allegations in petitioner's application and as recited in the statement of facts are true, and they are conceded to be true in the record before us, then a cause of action and a compensable injury resulted from the accident and were in existence from and after the date of the accident. In our judgment it necessarily follows that whatever compensable injury existed at the date of and immediately subsequent to the accident is barred if the defense of the statute of limitations is pleaded. In that respect the facts in the instant case are different from those in the cases relied on by petitioner. The facts in those cases were that the accidents which ultimately resulted in loss did not cause or produce compensable injuries at the dates of the accident, and the subsequent injuries were not then apparent, or any injuries which entitled the claimants to compensation. Where, however, the accident produces a condition which results in a compensable injury, cleary the statute of limitations or prescription begins to run at that time. In *Husus' Case*, 123 Me. 428, 123 A. 514, it is said:

"When the workman's wages, earnings, or salary are lost or reduced by reason of an industrial accident, he becomes in theory of law incapacitated. Then he is entitled to claim compensation. Then the year given for making claim begins to run."

It will not do to argue that the petitioner here had the right to divide his causes of action. He was incapacitated at the date of the accident. He states in his application, "Have been unable to work since February 14, 1924." Petitioner's inability to work after the accident and the subsequent loss of his arm grew out of and are both referable to the accident and are a part of and related to the same transaction. That is to say, the accident is the basis for compensation by reason of inability to work and later loss of the arm. If the right for compensation because of resultant inability to work growing out of that accident can be de-

feated by a plea of the statute of limitations, it must logically and inevitably follow that the right to receive compensation for the loss of the arm resulting from such accident is likewise barred. If application for compensation had been made by reason of inability to work, clearly the commission, under its continuing jurisdiction provided for by section 3144 of the act, could have granted the applicant additional compensation for subsequent injury, or, in this case, the loss of the arm, when it was made to appear that such injury or loss was the result of the industrial accident of February 14, 1924.

There is one additional matter to which brief reference should be made. From the language employed in the commission's decision it is apparent that that body was laboring under the impression that it was without jurisdiction to hear and determine the application for compensation unless such application was made within one year after the date of the accident. In that view we think the commission was in error. The act does not provide that if an application for adjustment of compensation is not made within one year the commission is without jurisdiction. The act does provide that:

"If no notice of the accident and injury is given to the employer within one year from the date of the accident, the right to compensation shall be held barred."

It is not elsewhere provided that the commission does not have jurisdiction to hear and determine an application for adjustment of compensation if such an application is filed after the period of one year following the date of the accident or of the injury has elapsed. From the statement of facts above quoted, none of which facts is anywhere in the record disputed, it appears that the employer did have actual notice of the accident on the date of the accident, hence a denial of the right of petitioner to be heard because of failure to give notice as provided in the act is not available

to defendants here. It has been determined in at least two opinions of this court that failure to plead the statute of limitations by an employer or insurance carrier is a waiver of such defense. *Spring Canyon Coal Co.* v. *Industrial Comm.*, 58 Utah 608, 201 P. 173; *Hartford Acc. & Ind. Co.* v. *Industrial Comm.*, 64 Utah 176, 228 P. 753. In the course of the opinion in *Spring Canyon Coal Co.* v. *Industrial Comm.*, supra, it is said:

> "It is elementary that, in order to avail himself of the provisions of the statute of limitations, a party must in some form indicate that he relies on the defense, usually by pleading it. Where there are no pleadings required, the defense of the statute of limitations may nevertheless, be invoked if done in proper time and by properly indicating that it is relied on. It is also elementary that, unless pleaded or relied on, the statute is waived."

See, also, *United States Fidelity & Guaranty Co.* v. *Pillsbury*, 174 Cal. 198, 162 P. 638.

In the matter now under review the commission proceeded upon the theory that the statute of limitations had been interposed as a defense and that the facts recited in the petition are such that the statute of limitations was a defense, and hence the commission was without jurisdiction to hear the facts and consider the case on its merits. As we have pointed out, in that view of the law the commission was in error. However, the undisputed facts here are such that if the commission had made any finding upon the issue raised by the plea of the statute it must have determined such issue against the petitioner. In fact, it must have determined such issue against petitioner from the facts appearing in his application. Such being the case, applicant was not predjudiced and cannot complain because the commission failed to make a finding upon such issue.

It is contended on the part of petitioner that the general statute of limitations was not invoked as a defense by proper or any pleading. It is true that the statute is not specifically referred to in the answer by section

number otherwise as is usual in pleading the general statute of limitations. It is stated in the answer, however:

"That the Industrial Commission of Utah is without jurisdiction and is barred by statute from hearing said application or granting any relief in the premises."

It thus sufficiently appears that the defendant relied upon the statute of limitations as a defense, and that the commission was justified in making its ruling upon the theory and idea that the statute of limitations had been interposed as a defense.

The petitioner, to support his claim, has, among others, cited and relies upon the following cases: *Eposito* v. *Marlin-Rockwell Corporation,* 96 Conn. 414, 114 A. 92; *Hines* v. *Norwalk Lock Co.,* 100 Conn. 533, 124 A. 17; *Ray's Case,* 122 Me. 108, 119 A. 191, 33 A. L. R. 112; *Gudorian* v. *Sterling Sugar & Ry. Co.,* 151 La. 59, 91 So. 546; *City of Hastings* v. *Saunders,* 114 Neb. 475, 208 N. W. 122; *Hustus' Case,* 123 Me. 428, 123 A. 514. The employer and insurer among other cases, cite and rely upon the following: *Ehrhart* v. *Industrial Acc. Comm.,* 172 Cal. 621, 158 P. 193, Ann. Cas. 1917E, 465; *Lough* v. *State Industrial Acc. Comm.,* 104 Or. 313, 207 P. 354; *Fred H. Cooke* v. *Holland Furnace Co.,* 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E, 552; *O'Esau* v. *E. W. Bliss Co.,* 188 App. Div. 385, 177 N. Y. S. 203; *Haiselden* v. *Industrial Board,* 275 Ill. 114, 113 N. E. 877; *Bushnell* v. *Industrial Board,* 276 Ill. 262, 114 N. E. 496; *Poccardi* v. *Ott,* 83 W. Va. 166, 98 S. E. 69.

The order of the commission is affirmed.

THURMAN, C. J., and CHERRY and STRAUP, JJ., concur.

HANSEN, J., concurs in the result.