## WILLIAMS v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5862. Decided July 18, 1938. (81 Pac. 2d 649.)

*Orlando J. Bowman,* of Kaysville, and *A. W. Watson,* of Salt Lake City, for plaintiff.

*Joseph Chez*, Atty. Gen., and *F. A. Trottier*, of Salt Lake City, for defendants.

HANSON, Justice.

Certiorari to review an order of the Industrial Commission denying compensation for injuries in an industrial accident. On January 15, 1935, while plaintiff was at work in his employment as utility foreman for the defendant City of Kaysville, a foreign substance of some sort entered his left eye, injuring the member, followed by medical treatment, ultimate blindness in that eye, and possible ultimate effect upon sight in the other eye.

On March 28, 1936, he filed with the Commission his application for compensation. A hearing was ordered and held, and evidence was introduced. The Commission, however, did not make findings upon the merits of the claim other than by finding that the applicant had failed to file his claim prior to March 28, 1936, and therefrom it concluded and ordered that the application should be denied.

In a number of decisions we formerly held that a claim for compensation not filed with the Commission within one year from the occurrence of the accident is barred by the provisions of Comp. Laws Utah 1917, Secs. 6468, 6470. These sections are now combined into one in R. S. Utah 1933, Sec. 104-2-26, Par. (1). And we may add that the time limit of one year therein prescribed for actions to enforce a liability created by statutes of this State (with exceptions not here pertinent) was changed by the amendment of 1937 (Laws of Utah 1937, Ch. 138, page 250) to three years. However, we are here concerned only with the one year period.

In our recent decision in the case of *Salt Lake City* v. *Industrial Comm.*, 93 Utah 510, 74 P. 2d 657, we held, overruling the previous cases, that the limitation period does not begin to run until a disability has arisen resulting from accidental injury in the course of employment. We there held that the limitation statute in industrial accident cases (page 658),

" * * * begins to run, not from the time of the accident, but from the time of the employer's failure to pay compensation for disability when the disability can be ascertained and the duty to pay compensation arises. * * *

"The Compensation Act, Rev. St. 1933, 42-1-1 et seq. imposes a duty on employers to pay compensation to employees who suffer disability from an injury by accident arising out of or in the course of the employment. Not until there is an accident and injury and a disability or loss from the injury does the duty to pay arise. A mere accident does not impose the duty to pay. Accident plus injury therefrom does not impose the duty. But accident plus injury which results in disability or loss gives rise to the duty to pay. When the employer refuses or ceases to pay compensation, the cause of action against him arises."

The files and testimony do not reveal when the impairment or loss of sight in the applicant's eye first became noticeable, nor when it become complete. The Commission made no finding in either particular, nor as to whether the disability was due to the accident. Hence, we make no decision as to when, if at all, the statute of limitations began to run, except that the Commission erred in supposing the statute to have begun to run from the date of the accident, in January, 1935.

It appears from the record that plaintiff, after the accident and during the course of his medical treatment, was continued in his employment by the defendant City, at least for a time, and that the Insurance Fund on March 28, 1935, paid the medical bills that had accrued prior to March 8, 1935, in the treatment of plaintiff's injuries. So far as now appears, there was no repudiation of liability or refusal to pay compensation on the part of his employer or the insurer occurring more than one year before plaintiff filed his application for compensation with the Industrial Commission on March 28, 1936. What the facts may be in this respect upon a further hearing we cannot say, or what effect it may have upon the applicability of the statute of limitations.

The order of the Industrial Commission denying compensation because of the one year statute of limitations is an-

nulled with directions to hear any further evidence offered by either party, and therefrom to make suitable orders as the facts require.

FOLLAND, C. J., and MOFFAT, WOLFE, and LARSON, JJ., concur.