BALTIMORE STEEL CO., ET AL. *v.* LEE R. BURCH

[No. 13, October Term, 1946.]

210

*Decided October 31, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Thomas G. Andrew* and *Talbot W. Banks* for the appellants.

*Philip V. Hendelberg* and *Deeley K. Nice,* with whom were *Max Sokol* and *Dickerson, Nice & Sokol* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

Lee R. Burch' (appellee) is a structural iron worker and on July 27, 1941, was employed by the Baltimore Steel Company in erecting in Baltimore a building known as Hutzler's Annex. While in the course of this employment, and arising out of the same, he met with an accident. He described the occurrence as follows: "The way the beams are on a structural building, from one beam to another, this plank was right alongside one of the beams I was working on, so when I stepped on this plank, I skinned my right side up, as I went down the hole, then I landed on my left side; that kinda threw me off balance and I landed on my left hip about 6 or 8 feet below, but my right side was bruised up when I scraped it alongside the beam when I went down the hole." "I slid on the beam on the right side and I landed on my left hip on the floor below, which was about six or eight

feet." The superintendent of the building witnessed the accident and told appellee to go to see the doctor for the Liberty Mutual Insurance Company, the insurance carrier, and one of the appellants in this case. He told the superintendent he would see the doctor later that day, and at about 6:30 P. M. he saw Dr. Reifschneider, the physician of the insurance carrier. Dr. Reifschneider examined the right side. Appellee apparently did not call the doctor's attention to any injury on his left hip, but when he got home his wife drew his attention to his left hip. He stated he did not see an injury to his left hip at the time he went to the doctor. The doctor, according to appellee, told him: "I don't think there's much the matter with you." He returned to work the next day and continued his work for appellant until May 18, 1945.

On June 15, 1945, appellee filed a claim with the State Industrial Accident Commission for permanent disability to his left hip, asserting that the injury was the result of the accident on July 27, 1941. A hearing was held before the Commission on the following issues:

"1. Did the claimant sustain an accidental personal injury arising out of and in the course of his employment with the employer within the meaning of the Workmen's Compensation Act.

"2. Nature and extent of disability, if any.

"3. Did the claimant give notice of an accidental personal injury, within the statutory period, to his employer.

"4. Average weekly wage.

"5. Is the claimant barred by the statute of limitations.

"6. And any other issues which may be raised at the time of the hearing which may be pertinent thereto."

The Commission considered only two of these issues, namely, the fourth and fifth issues. The claim was disallowed by the Commission because it was barred by the statute of limitations, in that it had not been filed within the time limit required by law.

The lower court reversed the Commission in its ruling on the fifth issue and ordered that the record be returned

to the Commission and that it reopen the case and rule upon the first, second, third and sixth issues. No objection was made to the Commission's ruling on the fourth issue. From the judgment entered below, the case comes here on appeal.

The sole and only question argued before this court was whether the appellee filed his "claim for compensation within one year after the beginning of his disability," as provided by Section 51 of Article 101, Annotated Code, 1939. No "failure to file such claim was induced or occasioned by fraud, or by facts and circumstances amounting to an estoppel." The question to be decided is whether appellee failed to file his claim for compensation with the Commission "within one year after the beginning of his disability." If he did, and his disability was caused by the accident, he is not entitled to compensation. While on the other hand, if he did file his claim with the Commission "within one year after the beginning of his disability," and the accident caused the same, he is entitled to compensation.

Every accident to an employee engaged in extra-hazardous work is not compensable. It may be of a character so slight and inconsequential that it occasions no loss of time from work and is not otherwise apparent. On the other hand, an accident producing an apparent injury occasioning loss of time, is a typical case of compensable injury. And if an injury not apparent at the time of the accident of which it is the result, becomes reasonably apparent within one year of the date of the accident, a claim should be filed before the Commission by the workman. There is another class of cases, where the injury at the time of the accident is not apparent, but is latent and appears so slight, if any, that the workman continues work, loses no time or wages until after one year has run from the date of the accident. In such cases the man is injured but does not suffer a compensable injury. His disability is the result of the slow but progressive development of the injury he received at the time of the accident, and flares up suddenly, after

a lapse of a considerable period. If we date the running of limitations from the time of the accident, and not from the time disability is reasonably apparent, then this class of cases is lifted out of the statute whenever the bar of the statute is relied on by the employer. If this is the law, and a workman is barred in such cases, injuries resulting from industrial accidents will not be covered by the Workmen's Compensation Law, which was intended to relieve workmen from the hazards of industrial employment and to protect the public from the care and expense resulting from human derelicts due to accidents while engaged in hazardous employment in industry. The position of the appellant is that the period of limitations runs from the date of the accident, and in this case appellee is barred because he did not file his claim with the Commission within one year from the date of the accident. The appellee contends that the period of limitation runs in this case from the date of his disability and he was disabled from working on May 18, 1945. If his contention is correct his claim was filed in time and the bar of the statute does not apply.

There are many decisions throughout the country on this question, but the weight of authority is that there can be no claim unless it is compensable, and as there is no compensable claim in the group of accidents last referred to, limitations cannot run. There must be a compensable claim before the period of limitation starts to run. The leading cases on this question are *Kropp v. Parker*, D. C., 8 F. Supp. 290, 291, and *Di Giorgio Fruit Corp. v. Norton*, 3 Cir., 93 F. 2d 119. In the Kropp case, decided by Judge Chesnut on September 29, 1934, the action was instituted under the Longshoremen's and Harbor Workers' Compensation Act, 3 U. S. C. A., Sec. 901 *et seq.* That Act provides: "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury." 33 U. S. C. A., Sec. 913. The workman in that case was engaged in the hold of the dredge "National." The captain attempted to throw a heavy block

of wood off the deck and in so doing it fell through a hatch and struck the workman on the back of his head. He was apparently not seriously injured and resumed his work. The facts of the case are fully set out in the opinion. But later a brain tumor developed and claim for compensation was not filed until one year from the date of the accident. Judge Chesnut, in that case, reviews a number of cases, some of which are referred to in the briefs filed in this case. In his opinion he states the employee's contention as follows: "It is argued that there is a definite difference between an accident and the resulting injury; and, looking at the Longshoremen's Act as a whole * * * and bearing in mind its remedial and beneficent purposes, it is unreasonable to attribute to Congress the intention to bar a claim for a disability which only arose more than a year after the accident. Or, in other words, it is said that the term 'injury' as used in the section must be construed in the sense of 'compensable injury'."

That view was sustained and the order of the deputy Commissioner was reversed.

In the Di Giorgio case [93 F. 2d 121], decided September 27, 1937, Judge Biggs stated: "As might be expected, the state courts differ in their precise treatment of this question. Some decisions treat the period of limitation of time in which the claim must be filed as running from the date upon which the injury culminates; some, from the date upon which the injury becomes apparent. Other decisions hold the period of limitation runs from the date upon which the injury becomes compensable. Though there is this divergence in terms used, nonetheless there is a unanimity of idea to be expressed, namely, that the employer's claim is not barred until one year, from the time in which the injury has reached a definite, culminating stage and one which, being reasonably apparent, is therefore compensable."

He quotes a number of cases, to which we refer. He further stated: "The weight of authority of the state courts is clearly against the contentions of the appel-

lants," namely, that the period of limitation runs from the date of the accident or injury. The judge followed with approval the decision in the Kropp case. The Kropp case was quoted with approval in *Potomac Electric Power Co. v. Cardillo,* 71 App. D. C. 163, 107 F. 2d 962. See *Anderson v. Contract Trucking Co.,* 48 N. M. 158, 146 P. 2d 873; *Crabb v. Department of Labor & Industries,* 186 Wash. 505, 58 P. 2d 1025, 105 A. L. R. 964; *Taylor Chain Co. v. Marianowski,* 95 Ind. App. 120, 182 N. E. 584; *Stolp v. Department of Labor and Industries,* 138 Wash. 685, 245 P. 20; *Wheeler v. Missouri Pac. R. Co.,* 328 Mo. 888, 42 S. W. 2d 579; *Esposito v. Marlin-Rockwell Corp.,* 96 Conn. 414, 114 A. 92; *Guderian v. Sterling Sugar & Ry. Co.,* 151 La. 59, 91 So. 546; *Henderson v. Consumers Power Co.,* 301 Mich. 564, 4 N. W. 2d 10; *Fee v. Department of Labor & Industries,* 151 Wash. 337, 275 P. 741; *Johansen v. Union Stockyards Co.,* 99 Neb. 328, 156 N. W. 511; *Williams v. Industrial Commission of Utah,* 95 Utah 376, 81 P. 2d 649; *Acme Body Works v. Koepsel,* 204 Wis. 493, 234 N. W. 756; *Miles Laboratories v. Jenks,* 106 Ind. App. 491, 20 N. E. 2d 710.

Appellants contend that the cases of *West Virginia Pulp and Paper Co. v. Morton,* 185 Md. 623, 45 A. 2d 725, and *Liberty Mutual Insurance Co. v. Parker,* D. C., 19 F. Supp. 686, support their position. But the facts in those cases show that the injuries sustained, if not contemporaneous with the accident developed within a year therefrom, and a compensable injury resulted within one year from the date of the accident in each case. They are clearly distinguishable from the case at bar.

The appellee testified that he suffered slight pains and that he applied home remedies to his left hip. These pains did not prevent him from doing his regular work from the date of the accident until the day he ceased to work, which was a period of nearly four years. He stated that he was robust and a little pain did not bother him and he kept on working. On cross-examination he was asked the following question: "And as I recall your testimony, your left hip ached you from that time until the

present time? A. Well, it give me a little trouble up until May; I never lost no time, I kept working." He further testified that during the four-year period his left hip caused him a little pain and sometimes he put some Sloan's limiment on it, thinking it was all right to keep on working. He said the pain is "not so severe now, I had a bone specialist working on it the last few months," and "it's getting better now." He said: "It's (the pain) kind of an unexplainable feeling that I have in that hip right now; it still bothers me a little bit, but I can walk a whole lot better than I could." After September, 1945, he has been walking with a brace. He did not return to see Dr. Reifschnider, who told him to return after he saw him on the day of the accident. On this testimony the defense of limitations is based. In the case at bar appellee suffered some pain but it could not have been severe, for the very day after the accident occurred he returned to work and performed his usual duties for nearly four years, for which he drew his regular wages. Certainly he did not suffer a compensable injury until May 18, 1945, and we think the evidence of the pain which appellee suffered prior to May 18, 1945, could not result as an absolute bar to his claim because it was not filed within one year from July 27, 1941, the date of the accident.

In a number of cases the statute dealt with was similar to the Federal Statute hereinbefore quoted. Our statute provides that a claim for compensation shall be barred, in the absence of fraud or estoppel, unless filed "within one year after the beginning of his disability." Art. 101, Sec. 51, Code 1939. In *Hustus' Case*, 123 Me. 428, 123 A. 514, 515, it is said: "Equally inapplicable are decisions in jurisdictions wherein by express enactment the limitation begins at the time of actual incapacity. This appears to be true of Maryland, Washington, and of Michigan."

We are of opinion that the learned judge below was correct in his ruling that the period of limitation under the statute should run from the time the appellee sus-

tained a compensable injury, which was, according to this record, May 18, 1945. As the claim was filed before the Commission on June 15, 1945, it is not barred by limitations.

*Judgment affirmed, with costs to appellee.*