## FARMERS COOPERATIVE ASSOCIATION, INC., ET AL. *v.* KELLER

[No. 146, October Term, 1951.]

*Decided April 4, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*J. Gilbert Prendergast,* with whom were *W. Clinton McSherry, James McSherry* and *Clark, Thomsen & Smith* on the brief, for the appellants.

Submitted on brief by *Amos A. Holter* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Frederick County, reversing a decision of the State

Industrial Accident Commission and awarding compensation to Richard A. Keller, the appellee here.

Mr. Keller testified that while employed by the Farmers Cooperative Association, Incorporated, as manager of its Middletown plant, on November 15, 1945, unloading feed and "doing you might say what two men should do", a pain occurred in the lower part of his back. He was on top of a mound of feed about ten feet high and eight feet wide and the men on the floor pitched the bags up to him. He carried the bags eight or nine feet higher. During the process of storing this feed he suffered a sharp pain in his back "right below the belt". He remarked about this pain that evening when he went home. The next morning he reported for work. He said: "I didn't do any heavy work whatever. I was on the job doing my other regular duties in the office and overseeing all the work that went on in the warehouse". This first pain lasted four or five days. He said he knew there was something wrong with his back in November, 1945. The pains would come sometimes and then go away and then come back just like the pain he had in November, 1945. The pain "began to get worse and worse all the time" as it came on from year to year. In August, 1949, he could stand the pain no longer and went to Dr Hauver in Hagerstown. He was sent by him to Dr. Coblentz in Baltimore.

On August 10, 1949, Mr. Keller went to Dr. Coblentz complaining of pain in the lumbo-sacral area of his back radiating into the right leg. He advised the doctor that the severe pains suffered in his back occurred in the fall of 1945 while engaged in unloading one hundred pound bags of feed at his place of employment in Middletown, Maryland, which pains lasted a period of about five days. He advised the doctor that he had suffered intermittent attacks of low back pain radiating into his right thigh and leg since the fall of 1945 to the date of the examination. On August 25, 1949, Dr. Coblentz as surgeon removed from Mr. Keller "a ruptured disc at the lumbo-sacral interspace on the right". In the

opinion of Dr. Coblentz the patient's intervertebral disc could have been ruptured in the course of his employment through degeneration caused by the consistent strain of lifting bags of feed weighing about one hundred pounds.

His claim for Workmen's Compensation was not filed until October 17, 1949. The Commission found that the claimant had failed to file his claim within one year after the beginning of his disability and therefore disallowed the claim. On appeal to the Circuit Court for Frederick County, the finding of the Commission was reversed. We are of opinion that the finding of the Commission should be affirmed.

Code (1947 Supplement) Article 101, Section 38, provides in part: "* * * failure of an employee to file a claim for compensation within one year after the beginning of his disability shall constitute a complete bar to any claim under this Article * * *". In *Bethlehem-Sparrows Point Shipyard, Inc. v. Glass,* 188 Md. 501, 53 A. 2d 405, the claimant on October 20, 1942, while holding a timber went down on his hands and knees. He could hardly get up. When he eventually stood up he felt a pain across his legs and back. The next day after the accident he had his back strapped. In the summer of 1943 the doctor X-rayed him and recommended a back brace and told him he probably had a ruptured disc. On December 19, 1945, the doctor removed a protruding disc. He did not file his claim for compensation until January 17, 1946. This Court said in that case, 188 Md. at page 506, 53 A. 2d at page 408: "It is, from the evidence in this case, impossible to conceive that the claimant, on October 20, 1942, sustained an injury that was latent. From that date his pain was not trivial. The facts here are entirely different from the facts in the case of *Baltimore Steel Company v. Burch,* 187 Md. 209, 49 A. 2d 542. In that case the injury was latent. In this case the injury was patent. The claimant should have known that he was injured at or about the time of the accident, and certainly, in the summer of 1943, his

injury was 'reasonably apparent' to him, and he attributed that injury to the accident of October 20, 1942. Under the law it was mandatory upon him to file his claim with the Commission, certainly within one year from the summer of 1943, when his injury, by uncontradicted testimony in this case, was known or should have been known by him."

In *West Virginia Pulp & Paper Co. v. Morton*, 185 Md. 623, 45 A. 2d 725, the claimant was injured in April, 1937, when a large quantity of chlorine gas escaped from a pipe. He did not return to work for six weeks. His health progressively deteriorated and he left the company employment in August, 1943, when he filed his claim for compensation. This Court held he was barred by limitations.

In *Griffin v. Rustless Iron and Steel Company*, 187 Md. 524, 51 A. 2d 280, in August, 1939, there was an explosion and some hot lead went into claimant's eye. A claim was filed with Commission on May 10, 1945. This Court reviewed the cases in this State and elsewhere and held that limitations applied. It was there said: "* * * it has been held that the fact that a claimant does not know the extent or nature of his injury from a medical standpoint does not excuse him from filing a claim if he knows he has some sort of disability resulting from the accident. * * * We think, however, that the wording of the Maryland statute indicates that the period of limitation begins to run from the time when disability becomes, or should become, reasonably apparent. And we hold that this does not mean the particular class of disability for which compensation is asked, but any disability (except that of a trivial nature) which arises from an accident and which eventually ripens into the class of disability for which compensation is claimed. * * * Our conclusion is that all injuries producing at first merely a slight incapacity, but subsequently becoming more serious, should be treated alike and the same rule applied to all of them. That does not mean that a workman will lose the benefit of the

statute, unless he files a claim for any trifling injury which he has no reason to suppose will develop into a more serious one. *Baltimore Steel Co. v. Burch, supra.* Nor does it mean that he can wait until the permanent incapacity develops to its fullest extent before he is obliged to file his claim. As soon as it becomes reasonably apparent, or should become reasonably apparent, to a workman that he has a compensable disability of any class from an accident (whether he is working or not), he has the right to file a claim and the statute begins to run against him from that time."

In *Wright v. Crown Cork & Seal Company,* 195 Md. 600, 74 A. 2d 22, the claimant was injured on September 13, 1947, when two big cases fell on him. The claim for compensation was not filed until October 28, 1948. This Court in holding that the claim was barred because not filed within one year after the beginning of his disability said: "We think it plain, from the undisputed evidence in this case, that the claimant suffered a disability at the time of the accident. While he lost no time from work, the evidence discloses that the injury he suffered was not slight and inconsequential, and that his condition at that time, and certainly within 45 days from the date of the accident, was apparent to him." See also *Vang Construction Co. v. Marcoccia,* 154 Md. 401, 140 A. 712; *Dunstan v. Bethlehem Steel Co.,* 187 Md. 571, 51 A. 2d 288; *Champness v. Glenn L. Martin Co.,* 193 Md. 188, 66 A. 2d 296.

In the case now before this Court claimant admits that the first pain lasted four or five days and he knew there was something wrong with his back in November, 1945. Although he returned to work the day after the alleged accident, he could not do his usual work and he was to some extent disabled. From year to year the pain became gradually worse. He knew he had some sort of disability ensuing from the alleged accident. This was not a latent or trivial injury as in the case of *Baltimore Steel Company v. Burch, supra,* relied on by the trial judge and the appellee. The mere fact that he did

676

not know the nature and extent of his injury from a medical standpoint did not excuse him from filing his claim. Although the injury produced at first merely a slight incapacity, that is not sufficient excuse. He knew in November, 1945, when the alleged accident occurred, that his back was "wrong". His condition was certainly apparent to him more than one year before the filing of his claim for compensation on October 17, 1949. The order will be reversed.

*Order reversed, with costs.*