## EVANS *v.* RHEEM MANUFACTURING COMPANY ET AL.

[No. 121, September Term, 1959]

Decided January 20, 1960.

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Walter R. Tabler,* with whom was *Joseph M. Roulhac* on the brief, for appellant.

*Richard C. Murray,* with whom were *W. Lee Harrison* and *Smith & Harrison* on the brief, for appellees.

PER CURIAM.

Appellant Evans was denied workmen's compensation by the commission on the ground that he had not filed his claim "within one year after the beginning of his disability," as Code (1951), Art. 101, Sec. 38, which controlled the case, required.[1] On appeal a jury in the Circuit Court for Baltimore County found the claim had been filed in time. Judge Barrett entered a judgment notwithstanding the verdict.

---

1. The statute was amended in 1957 to provide that as to injuries occurring on and after June 1, 1957, failure to file a claim "within eighteen months from the date of the accident" bars the claim (Code (1957), Art. 101, Sec. 39).

Appellant was injured on December 29, 1952, when he was attempting to turn a heavy shear table which usually was turned mechanically. The table caught and he twisted his back and, he says, "felt the stinging in the lower part of my back." He reported to the company nurse who gave him pills and salve for the massage of his back, as well as a company form for his supervisor to fill out. He received daily heat treatments from the nurse for the next six or seven days, and also took very hot baths at home.

Evans did not file his claim until October 11, 1955. In August of that year he found that on getting out of bed he could not stand on his right leg because of pain in his lower back. A company doctor advised him to stay home from work for three days. He had not previously lost time from work because of the 1952 injury. In late September an orthopedic specialist took X-rays of his lower back and advised him he had a ruptured disc. Thereafter, he could not work for a six weeks' period.

Evans' claim is that in 1939 he hurt his right shoulder playing baseball and that the pains and discomfort that followed his 1952 injury were in the upper back, so that his symptoms and discomforts in his lower back and leg did not make it apparent to him, and were not such as should have put him on notice that they were caused by the accident of 1952.

We think it entirely clear from the record that Evans cannot have failed to know that the industrial accident produced results which, from 1952 to 1955, manifested themselves in symptoms which required him to relate them to that accident. His baseball hurt had never produced other than shoulder and neck pains from 1939 to 1952. Immediately following the accident in 1952 he was treated on six or seven consecutive days. Several months later he complained to a company doctor of, among other things, "discomfort in the low back." The doctor's report shows that then only the lumbar region of the back was sensitive to touch. He admits that two doctors told him he had strained back muscles. He told one of these doctors in April 1954 that the pain travelled all over his back "from the tail bone up." He said he suffered through

the years, from time to time, from the same stinging sensation in his lower back he felt first in 1952, and that his leg hurt on these occasions. He testified that the same pains and symptoms he had suffered from time to time in the years before 1955 came and went, as they had before, after he learned in 1955 that he had a ruptured disc.

The Johns Hopkins Hospital records show treatment of Evans from May to August 1953. A low back complaint is noted, among various others. The physician, on August 4, 1953, says the pain has migrated to the middle of the lumbar back, and that pain had gone from the right leg.

On July 25, 1954, Evans went to the Church Home Hospital for observation. The hospital record tells of pains between the shoulder blades and other symptoms, and ends with these words: "He also gives a history of lumbro-sacral aching and discomfort."

The evidence requires an affirmance of the judgment notwithstanding the verdict. As Judge Barrett found, that result was predetermined by *Eastern Shore Public Service Co. v. Young,* 218 Md. 338, and cases therein cited, which on similar facts reiterated the established rule that if an injury is not latent or trivial, as soon as it becomes or should have become reasonably apparent to the worker that he has a compensable disability of any kind from an accident, the statute begins to run whether he does or does not continue to work. As in the Young case, we think it is beyond doubt that Evans' injury was neither latent nor trivial and that it should have been apparent to him well before a year prior to the time he filed his claim that he had a right to do so. Like Young, Evans' case cannot be distinguished from other back injury cases in which the same conclusion has been reached, such as *Cumberland Motor Sales v. Hilliker,* 210 Md. 70; *Farmers Cooperative Ass'n, Inc. v. Keller,* 199 Md. 670, 673; and *Bethlehem-Sparrows Point Shipyard, Inc. v. Glass,* 188 Md. 501. See also *Griffin v. Rustless Iron & Steel Co.,* 187 Md. 524, 541.

*Judgment affirmed, with costs.*