## EASTERN SHORE PUBLIC SERVICE CO. ET AL. v. YOUNG

[No. 63, September Term, 1958.]

*Decided December 16, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William W. Travers* and *Walter C. Anderson,* with whom were *Webb & Travers* on the brief, for appellants.

*Stanley G. Robins,* with whom were *John B. Robins* and *Robins & Robins* and *Calvert Ross Bregel* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The trial judge, sitting without a jury, allowed the employee, Young, workmen's compensation, reversing the Accident Commission which had found that no claim for compensation had been filed within a year of disability; and the employer and insurer appeal.

On April 6, 1953, Young first felt the back and leg pains which led to a disk operation in August 1954 and to his claim for compensation, filed in October 1954. In the course of his work for an electric light company, he was walking in a circle on uneven ground pushing a long bar inserted in a ground anchor, when he felt a kink in his back and pain across his belt line, radiating down his left leg. He continued working until quitting time that day. The next day he picked up a box of bolts from a truck and again suffered the pain in his back across his belt line and down his leg, and dropped the box. His description was that "it jerked me." That night he went to a doctor near his home, who said he had pulled a muscle and prescribed heat treatments and sleeping on the floor instead of in bed. He was away from work five days and during that period saw the doctor another time. In the year following, he had trouble with his back and leg from time to time. The pain was always the same. On April 6, 1954, a bolt cutter fell and struck him, apparently on the shoulder, although once Young said it had hit him on the back. There was no evidence whatever of any physical consequences of this happening or of any causal connection between it and any pain or disability. For some three weeks prior to August 2nd, Young had been suffering from the pains in his back and leg. On the morning of August 2nd, he felt no pain, he said, until he climbed a pole to help string wires; then, as he pulled up a buckarm, he noticed the pain across his back and down his leg, but continued to work. At lunch time he went to his local doctor who told him that he probably had a ruptured disk. This diagnosis proved to be correct and a week or so later he was operated on by a specialist at Johns Hopkins Hospital. After his recovery, he returned to work for the same employer. Not until several months after the operation did Young file his claim for disability. Both the

local doctor and the specialist who performed the operation felt that he probably had protruded a disk at the time he first felt back and leg pain in April 1953. Young's explanation of why he did not sooner file a claim for compensation was that he thought the pain would go away.

It may well be that the onset of pain on April 6, 1953, was not the result of an accidental injury and that the dropping of the box of bolts on the next day was more the result than the cause of the pain and weakness in his back. However, if it be assumed that Young did suffer an accidental injury on either the 6th or 7th of April, 1953, it is undisputed that he did not file a claim within a year of those dates. Code, 1951, Art. 101, Sec. 38, which was in effect and controlling at the time of the matters under consideration, provided that "* * * failure of an employee to file a claim for compensation within one year after the beginning of his disability shall constitute a complete bar to any claim under this Article" (unless such failure was induced by fraud or estoppel, which are not claimed in the case before us). This Court has many times held that if the injury is not latent or trivial, limitations begin to run when the injury occurs. "As soon as it becomes reasonably apparent, or should become reasonably apparent, to a workman that he had a compensable disability of any class from an accident (whether he is working or not), he has the right to file a claim and the statute begins to run against him from that time." *Griffin v. Rustless Iron & Steel Co.,* 187 Md. 524, 541. We think it beyond dispute that Young's injury was neither latent nor trivial, and that it should have been reasonably apparent to him from April, 1953, on, that he had a right to file a claim. His case is not distinguishable from other back injury cases in which the same conclusion was reached, such as *Cumberland Sales v. Hilliker,* 210 Md. 70; *Farmers Cooperative Ass'n Inc. v. Keller,* 199 Md. 670, 673; and *Bethlehem-Sparrows Point Shipyard, Inc. v. Glass,* 188 Md. 501.

Young's right to compensation would seem then to turn on whether the reoccurrence of the pain on August 2, 1954, constituted an accidental injury. We cannot find that it did. Maryland has set itself apart from the weight of authority by

holding that an injury is accidental only if it results from unusual strain, exertion or conditions in the employment. This Court has held consistently that if an accidental injury is to be found, there must have occurred not merely an unexpected result but an accidental cause. The cases are reviewed in *Stancliff v. H. B. Davis Co.*, 208 Md. 191. The conclusions reached in the earlier cases were reaffirmed in *Rieger v. Washington Suburban Sanitary Commission*, 211 Md. 214. Young's testimony as to what happened on August 2, 1954, seems to leave no room for a finding that he suffered an accidental injury on that day. He said the pain began when he pulled a heavy buckarm up and across his body, and that he had done before, from time to time, what he was then doing. He added that he did the lifting he then did in about the same manner that he normally did it, that he thought he had more strain on him that day because he was "uncomfortable", and that he thought he was uncomfortable because, after he was up the pole and had started working, he "was hurting". His recitation of what happened is so much like the descriptions of the occurrences which were held not to constitute accidental injuries in *Jackson v. Ferree*, 173 Md. 400; *Kelly-Springfield Tire Co. v. Daniels*, 199 Md. 156; and *Rieger v. Washington Suburban Sanitary Commission, supra,* as to make those cases controlling.

The trial judge should have granted the prayer of the appellants for a directed verdict, and affirmed the Accident Commission.

*Order reversed, with costs.*