**GREAT AMERICAN INDEMNITY CO. v. BRITTON, Deputy Commissioner, Federal Security Agency, et al.**

No. 10005.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 16, 1949.

Decided Dec. 19, 1949.

Mr. Guy M. Bayes, Washington, D. C., with whom Mr. Paul J. Sedgwick, Washington, D. C., on the brief for appellant.

Mr. Ward E. Boote, Chief Counsel, Bureau of Employees' Compensation, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, John D. Lane, Assistant United States Attorney, and Herbert P. Miller, Assistant Chief Counsel, Bureau of Employees' Compensation, Washington, D. C., were on the brief for appellee Britton.

Mr. Robert J. Hawkins, Washington, D. C., was on the brief for appellee Taylor. Mr. Charles Effinger Smoot, Washington, D. C., also entered an appearance for the appellee Taylor.

Before CLARK, WASHINGTON and BAZELON, Circuit Judges.

WASHINGTON, Circuit Judge.

This case arises under the workmen's compensation law in effect in the District of Columbia, namely, the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S. C.A. § 901 et seq., as made applicable to the District by the act of May 17, 1928, 45 Stat. 600, D.C.Code 1940, § 36—501, 33 U.S.C.A. § 901 note.

On March 11, 1946, Douglas D. Taylor, a carpenter and the claimant in this case, slipped while climbing a stair in a house under construction. He suffered pain immediately in his right foot, and during the day his foot and leg became swollen, discolored, and painful. He notified the employer shortly after the accident, and was given easier work for the remainder of the day. At the close of the day claimant was given an option by his employer of consulting his own physician or going to a hospital. He consulted his own family physician, who treated him and some days later advised him that his final diagnosis was that claimant was suffering from an illness (a thrombus) in the leg rather than from an accidental injury, and that he had filed a medical report with the employer to that effect. On March 12 the condition of the leg was such that the

claimant was unable to work, and remained away from work for seven and one-half weeks. Claimant's physician continued to treat him until sometime in the summer of 1946, when the physician died. In November 1946 claimant consulted another physician, who advised that there had been no thrombus or other vascular disease but that the achilles tendon had apparently been torn. On April 4, 1947, claimant was referred to a third physician, an orthopedic specialist, whose diagnosis was that the achilles tendon had been torn through its major part and that an operation was required. He operated on the claimant in May 1947, at which time his diagnosis was confirmed and the necessary repairs made. Claimant informally notified the employer of the new diagnosis sometime during April 1947. On May 16, 1947, he filed a formal claim for compensation.

After the claimant had received an award, the appellant insurance carrier brought suit in the District Court to enjoin its enforcement. The District Court dismissed the complaint, and the carrier now appeals.

The sole question of substance advanced by the appellant is whether the claim was filed on a timely basis, or whether it is barred by section 13(a) of the compensation statute, 33 U.S.C.A. § 913(a), which provides: "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred."

■ The deputy commissioner who heard this case made a finding that the claim was timely filed. Such a finding is entitled to great weight. In Cardillo v. Liberty Mutual Insurance Company, 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028, the Supreme Court said: "The Deputy Commissioner alone is charged with the duty of initially selecting the inference which seems most reasonable and his choice, if otherwise sustainable, may not be disturbed by a reviewing court. * * * Even if such an inference be considered more legal than factual in nature, the reviewing court's function is exhausted when it becomes evident that the Deputy Commissioner's choice has substantial roots in the evidence and is not forbidden by the law. Such is the result of the statutory provision permitting the suspension or setting aside of compensation orders only 'if not in accordance with law.'" 330 U.S. at page 478, 67 S.Ct. at page 807.

■ We believe that the commissioner's finding in this case satisfies these tests. The evidence for the claimant was not seriously controverted. Nor was the commissioner's finding contrary to law. Potomac Electric Power Co. v. Cardillo, Deputy Commissioner, 1939, 71 App.D.C. 163, 107 F.2d 962; DiGiorgio Fruit Corp. v. Norton, Deputy Commissioner, 3 Cir., 1937, 93 F.2d 119, certiorari denied 302 U.S. 767, 58 S.Ct. 480, 82 L.Ed. 596, and cases cited.

In the Potomac Electric case, supra, this court upheld a commissioner's finding that the claim was timely filed. The employee was accidentally hit on the head by an air hose in May 1935, resulting in a concussion and his absence from work for somewhat less than a week. In November 1936 he substantially ceased working, by reason of disability, and in the following spring he consulted a specialist, who informed him that the injury had caused serious damage to the brain. A claim for compensation was filed in August 1937. The opinion of this court, by Judge Edgerton, pointed out that in May 1935 the employee had no claim to compensation, as the statute made the first seven days of disability not compensable. The court then said [71 App.D.C. 163, 107 F.2d 964]: "Appellant contends that 'injury' [as used in section 13(a) of the statute] is here equivalent to 'accident,' and that the limitation began to run in 1935. We think that

'injury' is here equivalent to 'compensable injury,' and that the limitation did not begin to run until the claim to compensation arose in 1936 or 1937. An intent to bar compensation claims before they arise cannot fairly be imputed to Congress."

Similarly, an intent to bar claims under such circumstances as are presented here cannot fairly be imputed to Congress. The employee duly sought and received medical advice, in line with his employer's instructions. That advice did not permit him, in good conscience, to file a claim. Ignorance based on completely erroneous advice from a physician can be even more profound— and more dangerous in its consequences— than ignorance based on no advice at all. Such advice effectively prevents a conscientious employee, or a lawyer regardful of the standards of his profession, from filing a claim for an award, at least until different advice of equal or higher standing is received. We cannot place a premium on the filing of claims which fly in the face of professional advice and ethical standards.

There is no suggestion here that the claimant acted negligently or in bad faith. In no sense is this a case involving mere delay and laxness in the filing of a claim. Sharply to be contrasted is simple neglect by the employee in obtaining or following medical advice. See Liberty Mutual Insurance Company v. Parker, D.C., 19 F. Supp. 686. To be distinguished also is the situation in Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667, affirmed by an equally divided court, without opinion, 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983. The court there sustained the finding of the deputy commissioner that a claim, filed after one year had elapsed from the date when the injuries occurred, was not timely. In that case, not only was the injury patent, but the employee at all times realized the causal connection between the accident and his subsequent suffering, the only unknown factors being the extent of the injury and the likelihood of recurrent suffering. No element of erroneous medical advice was present.

The judgment of the District Court should be affirmed.