PILLSBURY ET AL., DEPUTY COMMISSIONERS, *v.*
UNITED ENGINEERING CO. ET AL.

No. 229.   Argued December 6, 1951.—Decided January 2, 1952.

*Samuel D. Slade* argued the cause for petitioners.   With
him on the brief were *Solicitor General Perlman, Assist-
ant Attorney General Baldridge, Leavenworth Colby* and
*Benjamin Forman.*

*Edward R. Kay* argued the cause for respondents.
With him on the brief was *Lyman Henry.*

MR. JUSTICE MINTON delivered the opinion of the
Court.

These four cases present the same question, namely,
the construction and application of the statute of limita-
tions provision of the Longshoremen's and Harbor Work-
ers' Compensation Act, 44 Stat. 1424, § 13 (a), 33 U. S. C.
§ 913 (a), which provides in pertinent part as follows:

> "The right to compensation for disability under
> this Act shall be barred unless a claim therefor is
> filed within one year after the injury . . . ."

The claims here involved were filed from eighteen to twenty-four months from the dates the employees were injured. The Deputy Commissioner held that the claims were nevertheless timely, since they had been filed within one year after the claimants had become *disabled* because of their injuries. The District Court vacated the awards, 92 F. Supp. 898, and the Court of Appeals affirmed on the ground that the claims were barred because not "filed within one year after the injury," 187 F. 2d 987, 990. We granted certiorari, 342 U. S. 847, because of a conflict between circuits,[1] identical to the present conflict between the holdings of the Deputy Commissioner and the Court of Appeals, as to the construction to be given the limitations provision. This same question was before us in 1940 in *Kobilkin* v. *Pillsbury,* 103 F. 2d 667, affirmed by an equally divided Court, 309 U. S. 619.

Petitioners contend that the word "injury" as used in the statute should be construed to mean "disability." This contention is premised on petitioners' conclusion that § 6 (a) of the Act, which provides that "No compensation shall be allowed for the first seven days of the disability,"[2] ("disability" is elsewhere defined in the Act as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment")[3] and § 19 (a), which provides that "a claim . . . may be filed . . . at any time after the first seven days of disability following any injury,"[4] operate to prevent the filing of a claim *before* seven days of disability have occurred. Since, as was

---

[1] The conflict is between the instant decision of the Court of Appeals for the Ninth Circuit and the decision of the Court of Appeals for the District of Columbia Circuit in *Great American Indemnity Co.* v. *Britton,* 86 U. S. App. D. C. 44, 179 F. 2d 60.

[2] 44 Stat. 1426, 33 U. S. C. § 906 (a).

[3] 44 Stat. 1425, 33 U. S. C. § 902 (10).

[4] 44 Stat. 1435, 33 U. S. C. § 919 (a).

the case of each of the claimants here, an injured employee may fail to accrue seven days' "disability" within a year after his injury, petitioners argue that such an employee will be barred from filing his claim before his right to file it arises, if "injury" is construed to mean "injury." Thus, petitioners conclude that the limitation should not be made to run until the injury becomes compensable, i. e., after seven days' "disability."

But the right to recover for disability is one thing, and the right to file a claim is another. It has long been the practice of the Deputy Commissioner to permit filing to avoid the running of the one-year limitation period here involved. A proper interpretation of §§ 6 (a) and 19 (a) does not prohibit the filing of a claim before the accrual of seven days' disability. Each of the claimants here was immediately aware of his injury, received medical treatment, and suffered continuous pain. We are not here dealing with a latent injury or an occupational disease.

We are not free, under the guise of construction, to amend the statute by inserting therein before the word "injury" the word "compensable" so as to make "injury" read as if it were "disability." Congress knew the difference between "disability" and "injury" and used the words advisedly. This view is especially compelling when it is noted that the two words are used in the same sentence of the limitations provision; therein "disability" is related to the right to compensation, while "injury" is related to the period within which the claim must be filed. Furthermore, Congress defined both "disability" and "injury" in the Act,[5] and its awareness of the difference is

---

[5] "Sec. 2. When used in this Act—

"(2) The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally

apparent throughout. Thus, we think that when Congress used "disability" and "injury" in the same sentence, making each word applicable to a different thing, it did not intend the carefully distinguished and separately defined words to mean the same thing. Congress meant what it said when it limited recovery to one year from date of injury, and "injury" does not mean "disability."

We are aware that this is a humanitarian Act, and that it should be construed liberally to effectuate its purposes; but that does not give us the power to rewrite the statute of limitations at will, and make what was intended to be a limitation no limitation at all. Petitioners' construction would have the effect of extending the limitation indefinitely if a claim for disability had not been filed; the provision would then be one of extension rather than limitation. While it might be desirable for the statute to provide as petitioners contend, the power to change the statute is with Congress, not us.

The judgments are

*Affirmed.*

Mr. Justice Burton, with whom Mr. Justice Black and Mr. Justice Douglas concur, dissenting.

The Court's computation of the period allowed for filing claims under the Longshoremen's and Harbor Workers' Compensation Act is so opposed to the beneficial purpose of the Act that it is not justified in the absence of a more express basis for it. The purpose of the Act is to provide

---

or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment.

"(10) 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." 44 Stat. 1424–1425, 33 U. S. C. § 902 (2), (10).

compensation for the disability or death of employees in certain maritime employments when caused by injuries arising out of and in the course of their employment. The Court now restricts the beneficial effect of the Act by its computation of the period allowed an employee for filing his claim under the Act. The Court computes it from the date of the employee's accident rather than from that of his right to compensation. One year after his accident the employee is thus barred from claiming compensation for any disability later resulting from it unless, within that year, he has filed a claim for compensation— although during the year he has suffered no disability and has acquired no right to compensation under the Act.

The Act does not call for or justify such a frustrating interpretation. Section 13 (a) does not say that an employee's claim must be filed within one year after the "accident." It says that his claim must be filed "within one year after the injury." 44 Stat. 1432, 33 U. S. C. § 913 (a). The Act deals only with disabling injuries and provides compensation only for the loss of earning power or death resulting from them. If it is recognized that the word "injury" in § 13 (a) means a disabling or compensable injury, a natural result flows from it. So interpreted, the section requires only that a claim for compensation must be filed within one year after a right to compensation first arises.

That the Act is concerned solely with compensation for disability or death appears on its face. Compensation is not payable to an employee merely because he has been in an accident in the course of his employment, nor even because he has suffered physical damage from that accident. The Act allows compensation only when the employee also has suffered a resulting loss of earning power.

The Act expressly limits "injuries" to those of a certain origin by stating that they must arise out of and in the

course of the employee's employment.[1]    It allows compensation only for resulting disability or death.[2]    It defines the required disability as a diminution of earning power.[3]

Section 13 (a), which limits the period for filing claims under the Act, has a reasonable effect if it is read as concerned only with compensable injuries.[4]    On the other hand, to interpret § 13 (a) as cutting off the period for filing claims one year after the date of the accident is to

---

[1] "SEC. 2. When used in this Act—

. .

"(2) The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment."    44 Stat. 1424–1425, 33 U. S. C. § 902 (2).

[2] "SEC. 3. (a) Compensation shall be payable under this Act in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. . . ."    44 Stat. 1426, 33 U. S. C. § 903 (a).

[3] "SEC. 2. When used in this Act—

"(10) 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."    44 Stat. 1424–1425, 33 U. S. C. § 902 (10).

[4] "SEC. 13. (a) The right to compensation for disability under this Act shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. . . ."    44 Stat. 1432, 33 U. S. C. § 913 (a).

measure the period from a date bearing no certain relation to the time when a right to compensation arises. If an employee's injury causes him no diminution of earning power within one year after the accident, he is entitled to no compensation within that year. Yet, under the Court's interpretation of § 13 (a), he will be barred also from claiming compensation for subsequently resulting disabilities unless, within that first year following his accident, he has filed a claim for compensation. The instant cases show how readily such situations may arise.

The legislative history of § 13 (a) is consistent with the petitioners' interpretation.[5] Their interpretation also has had judicial support from the appellate courts of the District of Columbia Circuit and of the Third Circuit. See *Great American Indemnity Co.* v. *Britton,* 86 U. S. App. D. C. 44, 179 F. 2d 60; *Potomac Electric Power Co.* v. *Cardillo,* 71 App. D. C. 163, 107 F. 2d 962; *Di Giorgio Fruit Corp.* v. *Norton,* 93 F. 2d 119 (C. A. 3d Cir.).

Before the enactment of this Compensation Act by Congress, several states had interpreted "injury" in comparable provisions of their Compensation Acts to mean "compensable injury" rather than "accident." *Esposito* v. *Marlin-Rockwell Corp.,* 96 Conn. 414, 114 A. 92; *Guder-*

---

[5] The provisions in the bill which became § 13 of the Compensation Act (S. 3170, 69th Cong., 1st Sess.; 67 Cong. Rec. 4119) were amended so as to reduce the time limit for filing claims from two years to one year and so as to substitute the word "injury" in place of the word "accident" as the starting point of the period. A like substitution of "injury" for "accident" was made in several other places and a provision for compensation for disability or death resulting from occupational disease was added. These changes emphasize the impropriety of now reading "injury" as meaning "accident." In the case of an occupational disease, it is especially restrictive of an employee's rights to limit his filing period to one year from some date of early contact constituting the "accident," rather than from the date of his first compensable diminution of earning power due to the disease.

*ian* v. *Sterling S. & R. Co.,* 151 La. 59, 91 So. 546; *Hustus' Case,* 123 Me. 428, 123 A. 514. Cf. *Hornbrook-Price Co.* v. *Stewart,* 66 Ind. App. 400, 118 N. E. 315; *In re McCaskey,* 65 Ind. App. 349, 117 N: E. 268. Contra: *Cooke* v. *Holland Furnace Co.,* 200 Mich. 192, 166 N. W. 1013.

To determine when the one-year period for filing claims begins it is necessary to determine the date when the employee's injury resulted in a diminution of his earning power. That date is not necessarily coincident with that of the first physical damage to the employee or the first reduction in the rate of wages actually paid him. In the instant cases the respective Deputy Commissioners expressly found that each claim was filed within one year after the employee's disability occurred, although none of the claims were filed within one year after the accident in question. These findings are supported by substantial evidence in the record taken as a whole. See *O'Leary* v. *Brown-Pacific-Maxon, Inc.,* 340 U. S. 504. Accordingly, I would hold each of the claims timely and would reverse the judgment of the Court of Appeals with directions to remand the cases to the District Court for dismissal of the several complaints.