### LUMBER MUT. CAS. INS. CO.
### v.
### O'KEEFE.
### Civ. No. 13431.

United States District Court,
E. D. New York.

Jan. 14, 1954.

Alexander & Ash, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff makes a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., upon the ground that there is no genuine issue as to any material fact herein. The defendant cross moves for judgment, dismissing the complaint and affirming the order of the Deputy Commissioner.

The complaint alleges in substance that Brewer Dry Dock Company secured payment under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, by insuring the payment of such compensation with the plaintiff, Lumber Mutual Casualty Insurance Company; that on August 16, 1944, the said Company was so insured by the plaintiff; that on that date the claimant, Aarne Sinkkila, was injured while in the employ of said Company; that hearings were held before the Deputy Commissioner, representing the defendant, wherein the plaintiff controverted payment of permanent partial disability benefits on the grounds, among others, that the actual earnings of the aforementioned claimant fairly and reasonably represented his wage-earning capacity; that the Deputy Commissioner made findings of fact and an award that the claimant was wholly disabled from August 17, 1944 to September 17, 1944, inclusive, and was entitled to compensation in the sum of $114.29 for such disability; that as a result of the aforesaid injury, the claimant was partially disabled from September 18, 1944 to March 29, 1953;

that the claimant was entitled to payment of the sum of $6,675 for 445 weeks compensation at $15 per week, being two-thirds of the difference between his average weekly wage of $83 at the time of his injury on August 16, 1944 and his reduced wage-earning capacity of $60.50 per week and that the sum of $189.29 has been paid to the plaintiff on account of such compensation. .In its prayer for relief, pursuant to the provisions of the said Act, the plaintiff asks that the order and award made by the Deputy Commissioner be set aside and that the defendant be enjoined from enforcing the same.

The plaintiff in its brief does not challenge that part of the award, directing payment of the sum of $114.29 for compensation for the period ending on September 17, 1944.

■ The case of United Fruit Co. v. Cardillo, D.C., 104 F.Supp. 81, clearly sets forth the test to be applied as to the findings of fact, made by a Deputy Commissioner under the said Act. They must be accepted unless they are unsupported by the substantial evidence on the record considered as a whole. They must be presumed to be correct. The burden is upon the plaintiff to show lack of substantial evidence to support the findings, forming the basis for the order and award of compensation.

The Court has carefully examined the testimony taken before the Deputy Commissioner, a record of approximately 340 pages, together with the exhibits, including a number of reports and letters, signed by the plaintiff.

■■ It appears that the claimant while employed by the Brewer Dry Dock Company as a carpenter sustained injuries to his back as a result of accidents occurring on five separate occasions, i. e., on August 25, 1942, August 13, 1943, October 4, 1943, on August 5, 1944 and on August 16, 1944; that the claimant's application for compensation is grounded upon the last mentioned accident; that as a result of the injuries sustained prior to August 16, 1944, the claimant could only do light work; that

the claimant ceased working for the Brewer Company in 1945 because the war had ended and there wasn't any light work there available and that he has been in Florida since the early part of 1946. It is apparently not disputed that at the time of the accident on August 16, 1944, for which compensation is claimed, the claimant was earning $83 per week, as found by the Deputy Commissioner. This fact seems also to be supported by the affidavit of the claimant, sworn to February 3, 1953, showing his annual income for the years 1943 to 1952, both inclusive, viz.: year 1943, $4,-307.10; year 1944, $4,105.20; year 1945, $3,524.00; year 1946, $4,087.65; 1947, $4,886.38; year 1948, $5,487.29; year 1949, $3,526.87; year 1950, $4,136.17; year 1951, $7,069.75; year 1952, $5,654. It is plain that the average weekly earnings of the claimant for the years 1945 to 1952, both inclusive, exceeded his average weekly earnings at the time of the accident in August 1944. That factor, however, while significant is not determinative of "wage-earning capacity", the criterion, prescribed in the Statute, 33 U.S.C.A. § 908(21). The Courts have defined the term In the case of United Engineering Co. v. Pillsbury, D.C., 92 F.Supp. 898, 901, affirmed in 9 Cir., 187 F.2d 987, and in 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225. The Court said:

"The statute makes earning capacity the test. Earning capacity may be properly defined to mean ability to earn, rather than wages actually received. And this means ability to earn . in the open labor market, not ability to secure exceptional consideration from a sympathetic employer."

The case of Candado Stevedoring Corp. v. Locke, 2 Cir., 63 F.2d 802, also cited by the defendant and the case of United Fruit Co. v. Cardillo, supra, cited by the plaintiff, are to the same effect.

■ It is apparent that there must be proof to support the finding of a reduction of the claimant's earning capacity, alleged to have been caused by his last

accident. Such a finding cannot rest upon conjecture. In 149 A.L.R. 417, it was stated that the test on this point is "whether or not the wages paid to the employee after his injury equal the wages, which are paid under ordinary circumstances in the open labor market to an ordinary employee of the same category who suffered no injury at all." In the Candado case, supra, the Court also stated that the wages paid "in the open labor market" to workers engaged in a similar occupation was a yardstick.

■ The claimant failed to submit evidence of the prevailing wage, paid to carpenters, generally, or to carpenters in the category in which the facts place this claimant. Substantial evidence to sustain the finding made by the Deputy Commissioner that the claimant's wage-earning capacity was reduced to the sum of $60.50 per week was not produced. Since the record discloses no basis for the finding, it has no support other than conjecture.

Furthermore, the claimant in his statement of August 28, 1948, said that he lost very little time from work, due to the accident. In his testimony on April 1, 1953, he reiterated that he had not lost much time from work. There is additional testimony of those who employed the claimant subsequent to the date of the accident to that effect.

It is not clear why it was necessary to have the further hearing in New York on April 1, 1953, without the presence of the claimant's attorney, in the light of the comprehensive hearings in Florida, when he was represented by counsel. To say the least, the Deputy Commissioner at that hearing did not act as impartially and in the manner expected in a quasi-judicial proceeding, as shown by the portions of the record, hereinafter quoted:

"The Deputy Commissioner: Is it your intention to question the integrity of the Deputy Commissioner in this case?

"Mr. Stricker: (counsel for the Carrier) I just want to find out why there is no counsel here this morning representing the claimant.

"The Commissioner: Would you tell me why it is any of your business if there is no counsel here this morning?

\* \* \* \* \* \*

"The Witness: I can't afford to pay his fare for the trip up for the hearing.

"The Deputy Commissioner: That's enough. Anything else you want to know, Mr. Stricker, that's not relevant to the issue?

\* \* , \* \* \* \*

"Q. Now, who was the first to suggest a settlement in this case, was it you (the claimant) or was it the carrier? A. The carrier.

"Q. And was it after you refused to accept this settlement that the carrier began to contest your case?

"Mr. Stricker: That your Honor —wait a minute, I object to such a question.

"The Deputy Commissioner: Just a minute, I will withdraw the question.

\* \* \* \* \* \*

"The Deputy Commissioner: Dr. Bosworth told me he couldn't appear today. \* \* \* I did not ask him to come in, not today. He told me he could not come in today and I told him he did not have to.

\* \* \* \* \* \*

"Dr. Bosworth: Mr. Commissioner, that is not so. \* \* \* I talked with you, and you asked me to come in. We discussed the case and you particularly asked me to come in on this case and I told you I would be in this morning at 10:15.

"The Deputy Commissioner: Pardon me."

The plaintiff's motion is granted excepting as to award of compensation in the sum of $114.29 for disability for the period from August 17, 1944 to September 17, 1944.

The defendant's motion for judgment dismissing the complaint and affirming the order is denied, excepting as to that part of the said order relating to the said compensation of $114.29.

Settle order.