Gerard HENRIOT, Appellant,

v.

GENERAL ACCIDENT FIRE AND LIFE
ASSURANCE CORPORATION,
Ltd., Appellee.

No. 1984.

Municipal Court of Appeals for the
District of Columbia.

Argued May 13, 1957.

Decided Aug. 16, 1957.

James E. Clubb, Washington, D. C., with
whom Richard A. Mehler, Washington,
D. C., was on the brief, for appellant.

William J. Donnelly, Jr., Washington, D.
C., with whom Richard W. Galiher and
William E. Stewart, Jr., Washington, D.
C., were on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from a summary judgment granted the insurance company in a proceeding wherein the appellant as third-party beneficiary sued the company on a workmen's compensation policy issued to appellant's employer by the company, claiming compensation for temporary total disability arising out of an injury sustained while appellant was working for his employer. The policy was issued in accordance with the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., said Act being made applicable to the District of Columbia by Code 1951, § 36-501, 33 U.S.C.A. § 901 note.

The conceded facts in the case are that on June 10, 1953, during the course of his employment, appellant suffered a back injury while lifting a crate. He was given medical attention and paid compensation by the insurance company for temporary total disability from June 20, 1953, to July 19, 1953. He then returned to work for the same employer at his regular salary and received medical treatment for his back condition when needed. On December 6, 1954, appellant suffered a recurrence of his original back injury and within a one-year period from that date filed a claim with the insurance company for additional compensation because of the recurrence of the original injury and his resulting disability for approximately six months during which he was unable to work.

The sole issue before the court was whether he was entitled under the Act to compensation for the temporary total disability of approximately six months' duration because of the recurrence of the original injury on December 6, 1954. Appellant had received his last compensation check for the disability arising from the original injury in July 1953. While not denying the recurrence of the disability the company contended that the statute of limitations in the Longshoremen's Act barred the claim for compensation for the recurring disability.

The time limitation referred to is found in 33 U.S.C.A. § 913(a) and reads as follows:

> "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed *within one year after the injury,* * * except that if payment of compensation has been made without an award on account of such injury * * * a claim may be filed within one year after the date of the last payment. * * *" (Emphasis supplied.)

After argument of counsel the court wrote a memorandum opinion in which it agreed with the company, granted its motion for summary judgment, and overruled a similar motion filed by the appellant. This appeal followed.

Appellant rests his case on Cadwallader v. Sholl.[1] In that case the employee contracted an *occupational disease* and suffered disability from July 1944 to October 1946. Her employer's insurer paid her compensation, *without* claim or award, for that period. In December 1946 she suffered a recurrence of the same disease which wholly disabled her from January 1947 on; in November 1947 while still disabled she filed a claim for compensation for the recurrence of the disability. The claim was denied by the Deputy Commissioner, provided for by the Act, as being beyond the one-year limitation from the date of the last payment to her in October 1946. The Court of Appeals reversed and held that the occupational disease from which she was suffering was an "injury" under the terms of the Act and that whether the disease was an initial one or one following a symptom-free period, if it arose naturally out of the employment, it was an "injury." Therefore the statute ran from the date of the recurrence of the disability because of the illness, namely, from January 1947, and as the claim was filed in November 1947 it was not barred by the statute.

The trial court found that the Cadwallader doctrine did not apply in this case but that the situation was governed by Kobilkin v. Pillsbury[2] and Pillsbury v. United Engineering Co.[3] We agree with the trial court's ruling. Our Court of Appeals in Cadwallader v. Sholl, supra, distinguished that case from Pillsbury v. United Engineering Co., supra, holding that

> "* * * It [*Pillsbury*] determines only that when an employee consciously suffers injury on a given date, but suffers no disability until a later date, the injury and not the disability starts the running of the one-year period of limitation on the filing of claims. The Supreme Court said: 'Each of the claimants here was immediately aware of his injury, received medical treatment, and suffered continuous pain. *We are not here dealing with a latent injury or an occupational disease.'* * * *" (Emphasis supplied.) [196 F.2d 15.]

The main reliance of the trial court and the insurance company is on Kobilkin v. Pillsbury, supra. In that case on June 7, 1935, while unloading a vessel, the em-

---

1. 89 U.S.App.D.C. 285, 196 F.2d 14, certiorari denied 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363.

2. 9 Cir., 103 F.2d 667, affirmed 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983.

3. 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225.

ployee was injured when a bag of sugar struck him on the left shoulder. He was wholly disabled for three weeks and compensation was voluntarily paid him for that period. He went back to work, although working with some physical impairment. In January 1937 he suffered severe pain and on January 27, 1937, was operated on for a condition that naturally flowed from the injury sustained by him on June 7, 1935. On March 3, 1937, he filed his claim for compensation. The Court of Appeals for the Ninth Circuit said [103 F.2d 670]:

> " * * * It has not been suggested that the injury from which appellant suffers is an occupational disease. Admittedly it is an accidental injury arising in the course of employment. *It was inflicted at the time of the accident, not when its full extent was first noted at the later time.* The trauma in fact resulted in an immediate though temporary disability for which appellant was paid compensation. The circumstance that appellant again became disabled a year and a half later, and the more serious nature of the injury was then for the first time recognized, does not change the situation. The claim was not filed until more than a year after the occurrence of the injury and more than a year after the last payment of compensation. Under the plain terms of § 13(a) of the statute the claim is barred. * * *" (Emphasis supplied.)

This case was affirmed by the Supreme Court of the United States by an equally divided court and we are of course bound by that decision as well as the rationale in Pillsbury v. United Engineering Co., supra.

Our decision admittedly may result in a hardship, but as the Supreme Court said [342 U.S. 197, 72 S.Ct. 225]:

> "We are aware that this is a humanitarian act, and that it should be construed liberally to effectuate its pur-

poses; but that does not give us the power to rewrite the statute of limitations at will, and make what was intended to be a limitation no limitation at all. * * *" Pillsbury v. United Engineering Co., supra.

Affirmed.