**BRADY–HAMILTON STEVEDORE COMPANY and Fireman's Fund Insurance Company, Libelants,**

v.

**J. J. O'LEARY, Deputy Commissioner 14th Compensation District, Respondent,**
**John Beegan, Intervenor-Respondent and Claimant.**

**Civ. No. 64–348.**

United States District Court
D. Oregon.
Nov. 9, 1964.

Nathan J. Heath, Gray, Fredrickson & Heath, Portland, Or., for libelants.

Victor E. Harr, Asst. U. S. Atty., Portland, Or., for respondent.

Phillip A. Levin, Pozzi, Levin & Wilson, Portland, Or., for intervenor-respondent and claimant.

KILKENNY, District Judge.

This cause is before the court under the provisions of 33 U.S.C. § 921(b), on a petition to enjoin a compensation award made pursuant to 33 U.S.C. § 901 et seq.

The facts are agreed. On October 14, 1962, one Beegan, while working as a longshoreman for Brady-Hamilton, sustained a minor finger injury. This did not require medical treatment, nor did the claimant lose work time. However, a notice of injury [1] was filed with the deputy commissioner and the claimant received a form letter, which stated the date of the injury and assigned it a claim number. Subsequently, on November 14, 1962, the claimant, while so employed, received another injury, this one of such a nature as to require hospital treatment and lost work time. In connection with this injury, the deputy commissioner again supplied the claimant with a letter, giving the date of the injury and a claim number. On this later injury the claimant was voluntarily paid compensation to January 16, 1963.

In December, 1963, the claimant consulted his attorney about filing a claim with the deputy commissioner for additional compensation growing out of the injury received November 14th, of the previous year. Through inadvertence, the claimant supplied the attorney with the form letter referring to the October 14th injury, rather than the one referring to the November 14th injury. Acting upon the information contained in the letter so delivered, the attorney, on December 30, 1963, directed a claim [2] to the deputy commissioner of the Bureau of Employees' Compensation, United States Department of Labor, referring to the injury of October 14th, rather than the injury on which claimant intended

1. 33 U.S.C. § 912.

2. "U. S. Department of Labor
"Bureau of Employees' Compensation
"Room 2008, Smith Tower Bldg.
"Seattle, Washington
        "Re: John Beegan
            "Claim No. 1–2689
"Dear Commissioner O'Leary:
    "Please be advised that we represent John Beegan of Longview, Washington, who was injured on October 14, 1962, while working for Brady-Hamilton Stevedore Company.

"We herewith make claim for whatever temporary partial disability, temporary total disability, or permanent disability which has resulted from this accident.

"We request that you forward to us copies of all medical reports.

"We herewith request a conference on your next trip to Portland.
                "Very truly yours,
                "/s/ Frank Pozzi
                "Frank Pozzi
"FHP:gb
"cc Wendell Gray"

to base his claim for additional compensation. At no time did the claimant intend to claim compensation for the injury sustained on October 14th, but, on the other hand, at all times intended to make a claim for additional compensation for his November 14, 1962, injury. In other words, the claimant, gave his attorney the wrong claim number and date of accident and, in turn, the attorney forwarded the same information to the deputy commissioner in an attempt to secure additional compensation. On January 6, 1964, the deputy commissioner requested additional reports from the representative of libelants. On January 24th that representative advised the claims examiner that it was his understanding that the workman suffered no compensable time loss on that claim and did not see a doctor, a copy of this letter going to the attorney for claimant. Claimant's attorney's reply of February 4th continued to carry the wrong claim number and the wrong date, although it did specifically refer to the hospitalization and loss of time growing out of the November accident. The examiner's letter of February 6th for the first time carried the date and the claim numbers of both accidents. These facts are undisputed and are certified by the deputy commissioner. He found that the attorney's letter of December 30th was *intended* to serve as a claim for compensation for disability resulting from the injury the claimant sustained on November 14, 1962, and that the claimant, by reason of said intention, did file a claim for compensation within one year after the date of the last payment of compensation made to him on January 16, 1963.

The only issue presented for determination is whether the limitation in 33 U.S.C. § 913(a),[3] precludes, on the agreed facts, a compensation award to the claimant. Each party asks for a summary judgment.

Respondent relies on the general rule that administrative decisions, such as the one before me, will not be disturbed by the court, if they are supported by substantial evidence; O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951), and the accepted principle that the type of legislation under which the claim was presented, must be liberally construed in favor of the workman. Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953); Employers' Liability Assurance Corp. v. Donovan, 279 F.2d 76 (5th Cir.1960); Great American Indemnity Co. v. Britton, 86 U.S.App.D.C. 44, 179 F.2d 60 (1949).

I feel that these cases, and others cited by respondent, have little, if any, application to the problem before me. Here, the facts are agreed, and I find no reason for putting aside the well known precept that a reviewing court is as well qualified as the trier of the facts to arrive at a proper conclusion. Costello v. Fazio, 256 F.2d 903 (9th Cir.1958); Carr v. Southern Pac. Co., 128 F.2d 764 (9th Cir.1952); Tepper v. Chichester, 285 F.2d 309, 312 (9th Cir.1960). The principle stated is of particular significance where it appears that the trier of the facts has made a clear mistake in applying the law. First Nat'l. Bank of Portland v. Dudley, 231 F.2d 396 (9th Cir.1956); Kowalsky v. American Employers Ins. Co., 90 F.2d 476 (6th Cir. 1937). Of course, this rule would have no application if a decision on the facts required the exercise of special expertise.

3. 33 U.S.C. § 913(a).
"(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, *except that if payment of compensation has* *been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment.* Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred." (Emphasis supplied.)

It is clear that the deputy commissioner, in arriving at his decision, did not recognize or consider the fixed doctrine that where the limitation is part of the statute which creates the right, the ordinary rules on the construction of statutes of limitations do not apply. That is to say, the limitation itself is part of the right created. The rule, as applied to the statute under scrutiny, is stated with commendable clarity by Justice Healy in Kobilkin v. Pillsbury, 103 F.2d 667 (9th Cir.1939), aff'd 309 U.S. 619, 60 S.Ct. 465, 84 L.Ed. 983 (1940), rehearing denied, 309 U.S. 695, 60 S.Ct. 584, 84 L. Ed. 1035 (1940) where, in denying a longshoreman's claim for injuries, he said:

"It was the manifest Congressional intent to deny compensation in all cases of disability arising from accidental injury unless claim is filed within the time limited. No provision is made for exceptional cases. We agree that the act is to be liberally construed, but neither the deputy commissioner nor the courts have the power to legislate; and nothing short of legislation would make relief possible in a case like this." 103 F.2d at 670.

Of considerable persuasion, though not controlling, is the exhaustive analysis and study of the problem in Landauer v. State Ind. Acc. Comm., 175 Or. 418, 154 P.2d 189 (1944), in which that court cited with approval Judge Healy's decision in Kobilkin.

Claimant does not contend that he actually filed a claim on the November, 1962, injury. He concedes, as he must, that the claim, as filed, specifically named the October, 1962, rather than the No-

vember accident. His claim is that he *intended* to file a claim on the latter, not that he filed one. In substance, this is the finding of the deputy commissioner, on which he concluded that an award should be made in favor of claimant.

That the court cannot legislate in favor of the claimant, nor invoke doctrines of equitable jurisprudence, is made crystal clear in Kobilkin, supra, Young v. Hoage, 67 App.D.C. 150, 90 F.2d 395 (1937) and Pillsbury v. United Eng. Co., 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225 (1952).[4]

That the Congress had no intention of placing in the deputy commissioner a discretion or equitable power to permit the filing of claims after the one year period had elapsed, is made abundantly clear by the fact that such discretion and power was affirmatively granted to the deputy commissioner in 33 U.S.C. § 912(d),[5] with reference to the failure to give notice of injury or death within the time required. The omission of a similar grant of authority in § 913(a) removes all possible doubt as to the intention of Congress.

Not to be overlooked is the fact that the claimant is pressing his claim under, and attempting to bring himself within, an exception to the statute. Such being the case, he has the burden of clearly bringing himself within it and must prove every fact essential to an invocation of the exception. Rheem Mfg. Co. v. Rheem, 295 F.2d 473 (9th Cir. 1961).

Regrettable as it is, my independent research and that of counsel have failed to find any authority in sup-

---

4. "We are aware that this is a humanitarian act, and that it should be construed liberally to effectuate its purposes; but that does not give us the power to rewrite the statute of limitations at will, and make what was intended to be a limitation no limitation at all. * * * While it might be desirable for the statute to provide as petitioners contend, the power to change the statute is with Con-

gress, not us." 342 U.S. at 200, 72 S.Ct. at 225.

5. 33 U.S.C. § 912.
   "(d) Failure to give such notice shall not bar any claim under this chapter * * * (2) if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given; * * *."

port of the decision of the deputy commissioner.

An appropriate summary judgment shall be prepared, served and presented by counsel for libelants.