**NALCO CHEMICAL CORPORATION and the Fidelity & Casualty Company of New York, Plaintiffs-Appellants,**

v.

**R. J. SHEA, Deputy Commissioner, Seventh Compensation District, Etc., et al., Defendants-Appellees.**

**No. 27397.**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Nov. 13, 1969.

---

Lawrence J. Ernst, New Orleans, La., A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for plaintiffs-appellants.

Louis C. LaCour, U. S. Atty., David S. Cressy, Gerald P. Fedoroff, O'Keefe, O'Keefe & Fedoroff, New Orleans, La., for defendants-appellees.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

This is an appeal from summary judgment in favor of Mrs. Joyce Quave,

individually and in behalf of her five minor children.[1]

The sole issue on review is the District Court's holding that appellant, Nalco Chemical Corporation, fell within the definition of "employer" of the deceased husband under the Longshoremen's and Harbor Workers' Compensation Act, and that compensation awarded by the Deputy Commissioner for the Department of Labor, was supported by controlling law and the facts on the record. We affirm.

The narrow task is to determine if the recorded facts fit the definitions set forth in the Act, 33 U.S.C. § 902. Pertinent portions read:

"(2) The term 'injury' means accidental injury or death arising out of and in the course of employment, * * * *"

"(4) The term 'employer' means an employer any of whose employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States * * * *."

The record shows that Robert Quave was employed as a pilot salesman by a division of appellant, Nalco Chemical Corporation. On October 31, 1962 he lost his life when his plane crashed in the Breton Sound area of Plaquemines Parish in the State of Louisiana. There was evidence on the record to support the finding of the Deputy Commissioner and the District Court that Quave's work involved travelling to offshore platforms by float plane or boat and he often spent as long as a week at the company's off shore installations. The record further shows that Nalco salesmen, such as Quave, delivered drums of chemicals to the platforms by boat. It was this activity in which he was engaged at the time of his death.

Appellants contend that this was not substantial evidence upon which to base a finding that the deceased employee was in maritime employment, and that the District Court should have reviewed the Deputy Commissioner's decision through a trial de novo.

■ The subject Act is to be liberally construed in favor of the injured employee. Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953); Pillsbury v. United Engineering Co., 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225 (1952); McClendon v. Charente Steamship Company, 348 F.2d 298, 301 (5th Cir. 1965).

■ We conclude that Quave's activities were sufficiently maritime to fall within the scope of 33 U.S.C. § 902(4). It is noted that this section of the Act covers all employers whose employees are engaged in maritime employment "in whole or in part." This becomes significant here for Quave's activities were often over water and it was over water that the fatal accident took place. His regular duties consisted in large part of travelling directly to offshore drilling platforms which he could only reach by boat or seaplane. See Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184 (1941), rehearing denied 314 U.S. 716, 62 S.Ct. 447, 86 L.Ed. 570 (1942).

■ Appellant urged below and here that the District Court was required to hold a hearing de novo and make its findings of the facts independent of the Deputy Commissioner's. For authority it cites Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932). The reliance is misplaced. Crowell does not require a trial de novo by the District Court in making these findings under the Act, but simply holds that the District Court is not bound by the Deputy Commissioner's proceedings pending its independent determination. It resolves itself into a matter of the familiar con-

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

cept of exercising sound discretion on the part of the court.

In Watson v. Gulf Stevedore Corp., 400 F.2d 649, 651 (5th Cir., 1968), this Court stated that:

"  *   *   * [I]n a complex society whose legislators have seen fit to create a host of administrative agencies functioning throughout the economy, the administrative-judicial system would defeat its own purpose and break down of its own weight if every decision were reviewed de novo. * * [T]he decision of the administrative agency should be accepted unless there is no substantial evidence on the record as a whole to support it."

Finding that there was sufficient evidence upon the issue of jurisdiction, the District Court did not err in denying the motions for remand and a trial *de novo* or in granting summary judgment in favor of Mrs. Quave.

■ This Court agrees with the Ninth Circuit, wherein the *Crowell* rule has been limited and interpreted so as not to require "a trial *de novo* as a matter of right under circumstances where there is no real issue of fact presented." Western Boat Building Co. v. O'Leary, 198 F.2d 409, 413 (9th Cir., 1952); Morrison-Knudsen Co. v. O'Leary, 288 F.2d 542, 543 (9th Cir. 1961). The granting of a *de novo* trial in Longshoremen's and Harbor Workers' Compensation Act cases is a matter of discretion with the District Court. It cannot be said that the District Court abused its discretion in this instance. The record contained all the essential information required to decide the legal issue. Moreover, in a very real sense, the findings on the case before us are actually those of the District Court itself and not a mere judicial review of the Deputy Commissioner's findings. Here motion for summary judgment was made by appellee based upon the Deputy's findings, and these were not controverted in any manner by appellants. The District Court was justified in finding that there was no genuine issue as to a material fact. It was likewise

correct in determining, upon those reiterated but independently found facts, that appellees were entitled to judgment as a matter of law all in accordance with Rule 56, Federal Rules of Civil Procedure.

The judgment of the District Court is Affirmed.